**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AIDA POGHOSYAN, and ANDREAS
ANDRIASYAN,

                Petitioners,

   v.

ERIC H. HOLDER Jr., Attorney General,

                Respondent.

No. 07-70877

Agency Nos. A095-583-693
              A075-148-523

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

    Aida Poghosyan, and her son, Andreas Andriasyan, both natives of Russia

and citizens of Armenia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

denying their application for asylum, withholding of removal, and relief under the

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Poghosyan's and Andriasyan's false testimony to the asylum officer is material and goes to the heart of their claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Poghosyan and Andriasyan were given an opportunity to explain why they gave this false testimony, but the IJ ultimately found the explanations insufficient. *See Rivera*, 508 F.3d at 1275 (upholding negative credibility finding where petitioner tried to explain inconsistencies, but IJ ultimately found the explanations insufficient). In the absence of credible testimony, the petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because the petitioners' CAT claim is based on the same testimony the IJ found not credible, and they point to no additional evidence showing it is more likely than not they will be tortured in Armenia, their CAT claim also fails. *See id.* at 1156-57.

We lack jurisdiction to review the agency's discretionary denial of an application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Hosseini v. Gonzales*, 471 F.3d 953, 956-57 (9th Cir. 2006).

We also lack jurisdiction to review the petitioners' claims that their due process rights were violated and that they are eligible for a humanitarian grant of asylum because they did not exhaust these claims by raising the claims before the agency. *See* 8 U.S.C. § 1252(d)(1); *see also Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009).

We have considered and reject all other claims raised by the petitioners.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**